**Anani Ore–Omolere Komi DOS–REIS, Petitioner,**

v.

**Eric H. HOLDER Jr.,[1] U.S. Attorney General, Respondent.**

**No. 08–4999–ag.**

United States Court of Appeals, Second Circuit.

Sept. 17, 2009.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**614**

Ronald S. Salomon, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Greg D. Mack, Senior Litigation Counsel, Lauren Ritter, Law Clerk, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Anani Ore–Omolere Komi Dos–Reis, a native and citizen of Togo, seeks review of the September 10, 2008 order of the BIA affirming the December 18, 2006 decision of Immigration Judge ("IJ") William Van Wyke pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT").[2] *In re Anani Ore–Omolere Komi Dos–Reis,* No. A 098 166 714 (B.I.A. Sept. 10, 2008), *aff'g* No. A 098 166 714 (Immig. Ct. N.Y. City Dec. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen*

*v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's adverse credibility determination. In his brief, Dos–Reis does not challenge the IJ's findings that: (1) his testimony was internally inconsistent because he testified both that his wife received three summonses at their home in Togo, and also that she was in Ghana at the time; and (2) the original basis of his claim—that he was targeted because he objected to his supervisor's request that he secretly withdraw ministry funds for the President of Togo—was implausible. Because Dos–Reis does not challenge those findings, they stand as valid bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey,* 529 F.3d 141, 146–147 (2d Cir.2008).

We also find no error in the findings that Dos–Reis does challenge. The IJ reasonably found that: (1) Dos–Reis's testimony that he was in the hospital for four days after he was beaten by the police was inconsistent with medical records and his asylum application, which both indicated that he was in the hospital for a month and four days; (2) Dos–Reis testified implausibly when he claimed that, after fleeing to Ghana, his wife returned to Togo because the couple could not find housing together in Ghana; and (3) Dos–Reis gave evasive answers during his merits hearing. While Dos–Reis offered explanations before the agency that were responsive to each of

---

**2.** Dos–Reis challenges only the agency's denial of his application for withholding of removal and CAT relief.

these findings, the agency did not err in rejecting them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). We are similarly unpersuaded by the arguments Dos–Reis makes in this Court.

Ultimately, substantial evidence supported the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic,* 519 F.3d at 95. Accordingly, the IJ properly denied Dos–Reis's application for withholding of removal and CAT relief because the only evidence that he was likely to be persecuted or tortured depended on his credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).